(Hamilton County Common Pleas.)

IN THE MATTER OF THE ESTATE OF PHILIP ZIEGLER, DECEASED.

*Revivor of action on appeal from deter-mination by the probate court of amount due from an administrator.*

JELKE, J.

It is clear, from an examination of the petition of Charles J. Hunt, administrator de bonis non, and the citation issued, that the petitioner instituted proceedings with Revised Statutes, 6175 in mind. The ex-amination of Bernard H. Lamping disclosed facts upon which the probate court found that he had in his possession $17,152.35 of assets which he had not accounted for according to law; that the disposition of these assets, as set out in his account, ex-plained by his oral testimony, was contrary to law.

The court found that there was error in the account of Bernard H. Lamping, which had never, theretofore, been adjudicated between him and any of his successors in office, and in its discretion reopened the account of said Lamping, and treated the petition of Hunt as a written exception thereto, heard the matter upon exception, and proceeded in open court to restate the account between Lamping and said estate. The amount due from him to the estate was ascertained and determined by the probate court, and it was not error for the court to order its payment to his successor in the ad-ministration of the estate. Revised Statutes, 6020; Slagel v. Entrekin, 44 Ohio St., 640; Hollister, J., in case at bar, 3 Nisi Prius, 308.

These proceedings, although begun under Revised Statutes, 6175, were conducted and had under both Revised Statutes, 6175, and Revised Statutes, 6187, and were adversary to Bernard H. Lamping, in which he had due notice and appeared to defend his rights.

Whether or not error was committed at the hearing in not permitting or requiring further pleadings to define the issues, or in excluding testimony and in confining the evidence to the accounts and the testimony of Lamping, I am not now called upon to say. If there was such error, it would have furnished ground for exception, but would not have changed the character of the pro-ceedings, which were appealable and which, I find, do not now abate by the death of Bernard H. Lamping.

The conditional order of revivor may be made absolute.

Charles J. Hunt, Miller Outcalt and Frank Bruner, for Administrator and revivor. Edward Colston, for Lamping, contra.